**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| YOE RODRIGUEZ-MENDEZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* <br><br>       Plaintiff, <br><br>   v. <br><br> VILLAGE SUPER MARKET, INC. <br>       d/b/a SHOPRITE, <br>       d/b/a SHOPRITE OF GALLOWAY, <br>       d/b/a VILLAGE SHOPRITE 473, <br>       d/b/a SHOPRITE 247, <br>       d/b/a STIRLING SHOPRITE 443, <br> VILLAGE SUPER MARKET OF NY LLC <br>       d/b/a SHOPRITE OF BRUCKNER BLVD, <br> VILLAGE SUPER MARKET OF NJ L P, <br>       d/b/a SHOPRITE, <br> SHOPRITE SUPERMARKETS, INC. <br>       d/b/a SHOPRITE, <br>       d/b/a SHOPRITE 26, <br>       d/b/a SHOPRITE 225, <br>       d/b/a SHOPRITE OF ENGLISH CREEK, <br>       d/b/a SHOPRITE 191, <br>       d/b/a SHOPRITE OF HILLSBOROUGH, <br>       d/b/a SHOPRITE 296, <br>       d/b/a SHOPRITE OF MILLBURN, <br>       d/b/a SHOPRITE OF OLD BRIDGE 200, <br>       d/b/a SHOPRITE 435, <br> WAKEFERN FOOD CORP. <br>       d/b/a SHOPRITE UNION, <br>       d/b/a SHOPRITE #643, <br>       d/b/a SHOPRITE SPRINGFIELD 294, | Case No: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

1

WILLIS STEIN & PARTNERS MANAGEMENT III, LLC
    d/b/a SHOPRITE,
VSM GOURMET LLC
    d/b/a GOURMET GARAGE, and
VSM NY HOLDINGS LLC
    d/b/a FAIRWAY MARKET OF 74TH STREET,
    d/b/a FAIRWAY MARKET OF 86TH STEET,
    d/b/a FAIRWAY MARKET OF CHELSEA,
    d/b/a FAIRWAY MARKET OF KIPS BAY,
    d/b/a FAIRWAY MARKET OF PELHAM,

        Defendants.

Plaintiff YOE RODRIGUEZ-MENDEZ ("Plaintiff RODRIGUEZ-MENDEZ") ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this Class and Collective Action Complaint against VILLAGE SUPER MARKET, INC. d/b/a SHOPRITE, d/b/a SHOPRITE OF GALLOWAY, d/b/a VILLAGE SHOPRITE 473, d/b/a SHOPRITE 247, d/b/a STIRLING SHOPRITE 443, VILLAGE SUPER MARKET OF NY LLC d/b/a SHOPRITE OF BRUCKNER BLVD, VILLAGE SUPER MARKET OF NJ L P d/b/a SHOPRITE, SHOPRITE SUPERMARKETS, INC. d/b/a SHOPRITE, d/b/a SHOPRITE 26, d/b/a SHOPRITE 225, d/b/a SHOPRITE OF ENGLISH CREEK, d/b/a SHOPRITE 191, d/b/a SHOPRITE OF HILLSBOROUGH, d/b/a SHOPRITE 296, d/b/a SHOPRITE OF MILLBURN, d/b/a SHOPRITE OF OLD BRIDGE 200, d/b/a SHOPRITE 435, WAKEFERN FOOD CORP. d/b/a SHOPRITE UNION, d/b/a SHOPRITE #643, d/b/a SHOPRITE SPRINGFIELD 294, WILLIS STEIN & PARTNERS MANAGEMENT III, LLC d/b/a SHOPRITE, VSM GOURMET LLC d/b/a GOURMET GARAGE, and VSM NY HOLDINGS LLC d/b/a FAIRWAY MARKET OF 74TH STREET, d/b/a FAIRWAY MARKET OF 86TH STREET, d/b/a FAIRWAY MARKET OF CHELSEA, d/b/a FAIRWAY MARKET OF KIPS BAY, d/b/a FAIRWAY MARKET OF PELHAM ("Corporate Defendants"), ROBERT

2

SUMAS, NICHOLAS SUMAS, WILLIAM SUMAS, JOHN P SUMAS, JOHN J SUMAS and JOHN VAN ORDEN ("Individual Defendants " and together with the Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff RODRIGUEZ-MENDEZ, for all relevant time periods, was a resident of Bronx County, New York.

6. Corporate Defendant VILLAGE SUPER MARKET, INC. is a foreign business corporation organized under the laws of the State of New Jersey, owns and operates 29 Shop Rite supermarkets in New York, New Jersey, Maryland and Pennsylvania, and 3 Gourmet Garage and

5 Fairway Market in New York, with an address for service of process and a principal place of business address located at 733 Mountain Avenue, Springfield, NJ 07801.

7. Corporate Defendant VILLAGE SUPER MARKET OF NY LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located as c/o Village Super Market, Inc., 733 Mountain Avenue, Springfield, NJ 07801, and a principal place of business address located at 1994 Bruckner Blvd, Bronx, NY 10473.

8. Corporate Defendant VILLAGE SUPER MARKET OF NJ L P is a foreign business corporation organized under the law of the State of New Jersey with an address for service of process and principal place of business address located at 4 W Roosevelt Blvd, Marmora, NJ 08223.

9. Corporate Defendant SHOPRITE SUPERMARKETS, INC. is a foreign business corporation organized under the law of the State of New Jersey with an address for service of process and principal place of business address located at 5000 Riverside Dr, Keasbey, NJ 08832.

10. Corporate Defendant WAKEFERN FOOD CORP. is a foreign business corporation organized under the law of the State of New Jersey with an address for service of process and principal place of business address located at 5000 Riverside Dr, Keasbey, NJ 08832.

11. Corporate Defendant WILLIS STEIN & PARTNERS MANAGEMENT III, LLC is a foreign limited liability corporation organized under the law of the State of New Jersey with an address for service of process and principal place of business address located at 2 Club House Dr, Washington, NJ 07882.

12. Corporate Defendant VSM GOURMET LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process

located as c/o Stenger, Roberts, Davis & Diamond, LLP, 1136 Route 9, Wappingers Falls, NY 12590, and a principal place of business address located at 585 Hudson Street, New York, NY 10014.

13. Corporate Defendant VSM NY HOLDINGS LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located and a principal place of business located at c/o Village Super Market, Inc., 733 Mountain Avenue, Springfield, NJ 0780.

14. All the supermarkets are commonly owned by Defendant VILLAGE SUPER MARKET, INC. which is owned and operated by Individual Defendants. The supermarkets are operated as a single integrated enterprise, under the common control of the Defendants. Specifically, the supermarkets are engaged in related activities, share common ownership and have a common business purpose:

   a) The supermarkets are jointly advertised on the following website: https://www.myvillagesupermarket.com/. *See* **Exhibit A** for screenshots of the main webpage and Stores page taken from Corporate Defendant VILLAGE SUPER MARKET, INC.'s website.

   b) All the supermarkets are jointly advertised on Defendant VILLAGE SUPER MARKET, INC.'s social media accounts. *See* **Exhibit B** for screenshots of its social media pages.

   c) All the supermarkets are commonly owned and operated by Individual Defendants – The Sumas Family. *See* **Exhibit C** for the Story page taken from Corporate Defendant VILLAGE SUPER MARKET, INC.'s website.

    d) The supermarkets share a common management team. *See* **Exhibit D** for the shared Contact us page and Employee Contact Form taken from Corporate Defendant VILLAGE SUPER MARKET, INC.'s website.

    e) The supermarkets share a centralized Accounting Department. *See* **Exhibit E** for the shared Donation Request page taken from Corporate Defendant VILLAGE SUPER MARKET, INC.'s website.

    f) Employees are interchangeable among the supermarket locations.

    g) Supplies are interchangeable among the supermarket locations.

15. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to meat cutters, cashiers, stock clerks, produce stockers, cleaners, porters, and baggers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime premiums for all hours worked. The claims of Plaintiffs stated herein are

essentially the same as those of other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

20. Plaintiff brings claim for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to meat cutters, cashiers, stock clerks, produce stockers, cleaners, porters, and baggers, among others), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23. Plaintiff's claim is typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper overtime premiums at one-and-one half times their hourly rates for hours in excess of forty (40) each workweek, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly compensated Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the NYLL; and

g) Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the NYLL; and

h) Whether Defendants provided to Plaintiffs and Class members annual wage notices, as required under the NYLL.

## STATEMENT OF FACTS

29. In or about September 25, 2019, Plaintiff RODRIGUEZ-MENDEZ was hired by Defendants to work as a meat department worker at Defendants' ShopRite supermarket located at 1994 Bruckner Blvd, Bronx, NY 10473. In or around June 1, 2021, Plaintiff was terminated from his position.

30. Throughout his employment with Defendants, Plaintiff RODRIGUEZ-MENDEZ was scheduled to work for six (6) days each week, for approximately thirty-six (36) hours per week. In addition, Plaintiff frequently was required to stay about two (2) hours past his scheduled shift three (3) to four (4) times per week. As a result, Plaintiff actually worked about forty-two (42) to forty-four (44) hours each week. FLSA Collective Plaintiffs and Class members suffered from similar off-the-clock violations.

31. Throughout his employment with Defendants, Plaintiff RODRIGUEZ-MENDEZ was compensated by check weekly, at an hourly rate of twenty-four dollars ($24.00) per hour. When Plaintiff worked on Sundays, he was paid at an increased rate of twenty-five dollars ($25.00) per hour. FLSA Collective Plaintiffs and Class members were paid by checks weekly at a similar rate.

32. Throughout his employment with Defendants, Plaintiff RODRIGUEZ-MENDEZ was not properly compensated his overtime premiums. Whenever Plaintiff worked on Sundays Defendants would not calculate the hours into as overtime hours. As a result, Plaintiff was paid his overtime hours at a straight time rate instead of the proper rate of one and one-half times the regular rate. *See* **EXHIBIT F**. FLSA Collective Plaintiffs and Class members were similarly improperly compensated for weekends at a straight rate.

33. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members the FLSA overtime rate (of one-and-one half) or the New York State overtime (of one-and-one half).

34. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage statements at all relevant times. Class members also did not receive proper wage statements, in violation of the NYLL.

36. In or around July 2021, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their overtime premiums for hours worked over forty (40).

42. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA

Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, and an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

50. Defendants knowingly and willfully failed to pay Plaintiff and Class members the full amount of overtime premiums for hours worked over forty (40), in violation of the NYLL.

51. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

52. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

53. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime premiums due under the FLSA and NYLL;

d. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premiums, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premiums pursuant to the NYLL;

h. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to FRCP 23;

j. Designation of Plaintiff as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 22, 2021

        Respectfully submitted,
        By: ___/s/ C.K. Lee_____
            C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiff and the Class*