**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YOE RODRIGUEZ-MENDEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

VILLAGE SUPER MARKET, INC., et al,

Defendants.

Case No.: 21-cv-08671

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND CORRECTIVE ACTION TO ADDRESS DEFENDANTS' IMPROPER COMMUNICATION WITH PLAINTIFF AND PROSPECTIVE CLASS MEMBERS

**Lee Litigation Group, PLLC**
C. K. Lee, Esq. (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## PRELIMINARY STATEMENT

It has recently come to the attention of Plaintiff's counsel that Plaintiff and other employees received a Notice from Defendants (hereinafter "the Notice") stating that due to a payroll system audit, certain employees were shorted on their pay. *See*, **Exhibit A**. Defendants actions are a blatant attempted to prevent Plaintiff and prospective Class members from participating in the Class litigation and are in direct violations of the collective action procedures set forth in FLSA § 216(b). Furthermore, the Notice constitutes an improper communication with Plaintiff and prospective Class members because it interferes with the Court's jurisdiction over this case and its ability to supervise communications with Class members. Therefore, Plaintiff respectfully requests that the Court enter an Order imposing corrective measures as detailed in the Proposed Order attached to Plaintiff's Notice of Motion .

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action was originally commenced as a collective action pursuant to the Fair Labor Standards Act and a class action under the New York Labor Law on October 22, 2021. Mendez Dec. ¶ 2.

On November 7, 2021, Plaintiff received a Notice from Defendants stating that they had conducted a recent audit of their payroll systems and were contacting him to pay him his missing overtime. Mendez Dec. ¶ 3. The Notice is attached hereto as **Exhibit A.**

On November 16, 2021, upon learning of the Notice, Plaintiff's counsel reached out to the Administrator of the Notice to employees as instructed on the Notice to obtain more information and to determine if this issue could be resolved without Court intervention. Plaintiff's counsel spoke with Andrew [LNU] who acknowledged the Notice but refused to provide contact information for representative for Corporate Defendants. Lee Affid. ¶ 4. Andrew [LNU] did not provide his full name. Plaintiff's counsel also informed Andrew [LNU] that they would be filing

a TRO/protective order motion. *Id.* Subsequently, Defendants' counsel, Mark Diana of Ogletree Deakins, reached out to Plaintiff's counsel and informed Plaintiff's counsel of his representation. Lee Affid. ¶ 2.

## III. ARGUMENT

1. <u>Defendants Engaged in Improper Unilateral Communications with Prospective Class Members</u>

Courts have supervisory authority over a defendant's communications with putative class members. Fed. R. Civ. P. 23(d). Because of the potential for abuse, "a district court has both the duty and broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981); See, *Hoffman LaRoche, Inc., v. Sperling*, 493 U.S. 165, 170 (1989) ("a trial court has substantial interest in communications that are mailed for single actions involving multiple parties"). A district court's authority to control counsels' conduct in an FLSA § 216(b) collective action includes the authority to prevent confusion and unfairness concerning an FLSA collective action. *Id.*, at 169-71.

Indeed, because of the potential for abuses in class and collective actions, such as unapproved, misleading communication to absent class members, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* At 170-71. Furthermore, Fed. R. Civ. P. 83 "endorses measures to regulate the actions of the parties to a multiparty suit." *Id.* at 172, citing *Gulf Oil*, 452 U.S. at 99 n.10.

District courts across the country have exercised their discretion to correct the effects of post-filing, pre-certification communication with potential FLSA collective action members, and Class members after misleading, coercive, or improper communications are made. See, e.g., *Wang*

*v. Chinese Daily News, Inc.*, 623 F.3d 743, 755-56 (9th Cir. Sept. 27, 2010) ("in the face of evidence of coercive behavior by a party opposing a class, district courts may regulate communications with class members related to notice and opt-out process."); *Great Rivers Coop. v. Farmland Indus.*, 59 F.3d 764 (8th Cir. July 12, 1995) ("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable,") *Balasanyan v. Nordstrom, Inc.*, No. 11-CV-2609-JM-WMC, 2012 U.S. Dist. LEXIS 30809, 2012 WL 760566, at *1-2, 4 (S.D. Cal. Mar. 8, 2012) (refusing to enforce individual arbitration agreement in an FLSA action because the defendant's imposition of the agreement was an improper class communication); *Williams v. Securitas Sec. Servs. USA, Inc*., No. 10-7181, 2011 U.S. Dist. LEXIS 75502, at *8-12 (E.D. Pa. July 13, 2011) (invalidating arbitration agreement imposed on the defendant's employees during pre-certification stage of FLSA litigation and ordering corrective measures because the arbitration agreement was a "confusing and unfair communication" with the potential opt-in plaintiffs); *Ojeda-Sanchez v. Bland Farms*, 600 F. Supp. 2d 1373, 1379-81 (S.D. Ga. 2009) (granting a limited protective order in FLSA collective action where the defendants engaged in unsupervised, unsolicited, in-person interviews of the plaintiffs in an environment that encouraged speedy and uninformed decision-making); *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1229-30 (S.D. Ala. 2008) (striking declarations obtained through the defendants' abusive and misleading communications with prospective opt-in plaintiffs); *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1086, 1089 (S.D. Iowa 2007) (limiting the plaintiffs' counsel from affirmatively soliciting potential opt-in plaintiffs to join the FLSA action and requiring counsel to modify their website to provide "only a factual, accurate, and balanced outline of the proceedings"); *Maddox v. Knowledge Learning Corp*., 499 F. Supp. 2d 1338, 1342-44 (N.D. Ga. 2007) (observing that district courts in § 216(b) actions rely on broad

case management discretion by limiting misleading, pre-certification communications and exercising that discretion in the case before the court by ordering the plaintiffs to correct false, unbalanced, and misleading statements on their website); *Belt v. Emcare, Inc*., 299 F. Supp. 2d 664, 667-70 (E.D. Tex. 2003) (sanctioning the employer and enjoining the employer from communicating ex parte with potential class action members because the employer intentionally attempted to subvert the district court's role in the FLSA collective action by unilaterally sending a misleading and coercive letter to potential plaintiffs that encouraged those persons not to join).

What is particularly troubling about Defendants' conduct is that the Notice was distributed *in response to Plaintiff's filed Complaint and in response to receipt of Judge Furman's Settlement Order*. Even though Defendants had already retained Ogletree Deakins to advise them, Defendants illegally acted unilaterally by failing to notify either Plaintiff's counsel or the Court about the Notice or give them any opportunity for input before mailing out the Notice to Plaintiff and prospective Class members. Defendants had received notice of the lawsuit, retained defense counsel, but failed to answer or respond, and instead sought to directly reach out to prospective Class members in violation of the Class and Collective protocols. This attempt to circumvent the Court and the judicial process is illegal and the Court should remedy this situation by granting the relief requested in the Proposed Order.

2. Defendants Failed to Provide Proper Adequate Notice

In this case, the Defendants' conduct is egregious in that the Notice provided by Defendants to Plaintiff and other employees violates all sorts of Constitutional requirements. Defendants have distributed a one-sided communication to Class members that does not fairly describe all the applicable facts, issues, and consequences of accepting the terms of the Notice. Although there is no discussion of release of claims in the Notice, it is likely that any checks provided to Class members would include a release. Moreover, the Notice seeks to bind Class members in that if

they fail to act, any moneys owed to them would be turned over to the government from which Class members would have to suffer an arduous process to receive their amounts. Whether a Class member receives actual notice or not, Defendants intended to bind such Class member. If a normal class approved through the Court was undertaken, with Class counsel's participation, a proper notice, of email, text and letter, may be deemed to be more appropriate. The Notice also fails to inform how Defendants calculated the admitted shortfall.

Finally, the Notice is inappropriate because it does not even inform Class members that they are being represented by Counsel. It only informs them to contact the Administrator retained by Defendants if they have any questions. When we contacted the Administrator, he wouldn't even give us the name or any details to the administration or identity of Defendants' counsel. Any further requests by recipients of the Notice would also suffer similar clandestine treatment.

## IV. CONCLUSION

As a result of Defendants improper conduct which has sullied the Court and interfered with ongoing litigation, Plaintiff requests the relief described in the Proposed Order attached to Plaintiff's Notice of Motion.

Dated: November 18, 2021

Respectfully submitted,
By: *\/s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*