UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOE RODRIGUEZ-MENDEZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

VILLAGE SUPER MARKET, INC.
d/b/a SHOPRITE,
d/b/a SHOPRITE OF GALLOWAY,
d/b/a VILLAGE SHOPRITE 473,
d/b/a SHOPRITE 247,
d/b/a STIRLING SHOPRITE 443,
VILLAGE SUPER MARKET OF NY LLC
d/b/a SHOPRITE OF BRUCKNER BLVD,
VILLAGE SUPER MARKET OF NJ LP,
d/b/a SHOPRITE,
SHOPRITE SUPERMARKETS, INC.
d/b/a SHOPRITE,
d/b/a SHOPRITE 26,
d/b/a SHOPRITE 225,
d/b/a SHOPRITE OF ENGLISH CREEK,
d/b/a SHOPRITE 191,
d/b/a SHOPRITE OF HILLSBOROUGH,
d/b/a SHOPRITE 296,
d/b/a SHOPRITE OF MILLBURN,
d/b/a SHOPRITE OF OLD BRIDGE 200,
d/b/a SHOPRITE 435,
WAKEFERN FOOD CORP.
d/b/a SHOPRITE UNION,
d/b/a SHOPRITE #643,
d/b/a SHOPRITE SPRINGFIELD 294,
WILLIS STEIN & PARTNERS MANAGEMENT III, LLC
d/b/a SHOPRITE,
VSM GOURMET LLC
d/b/a GOURMET GARAGE, and
VSM NY HOLDINGS LLC
d/b/a FAIRWAY MARKET OF 74TH STREET,
d/b/a FAIRWAY MARKET OF 86TH STEET,
d/b/a FAIRWAY MARKET OF CHELSEA,
d/b/a FAIRWAY MARKET OF KIPS BAY,
d/b/a FAIRWAY MARKET OF PELHAM,

Defendants.

Docket No.: 21-cv-08671(JMF)

**DEFENDANTS WAKEFERN FOOD CORPORATION AND SHOP-RITE SUPERMARKETS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Wakefern Food Corporation (s/h/a Wakefern Food Corp.) ("Wakefern") and Shop-Rite Supermarkets, Inc. (s/h/a ShopRite Supermarkets, Inc.) ("SRS") (collectively the "Wakefern Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answer the Complaint filed by Plaintiff Yoe Rodriguez-Mendez ("Plaintiff") as follows:

**As to "INTRODUCTION"**

1. The Wakefern Defendants deny the allegations of Paragraph 1.
2. The Wakefern Defendants deny the allegations of Paragraph 2.

**As to "JURISDICTION AND VENUE"**

3. Paragraph 3 contains legal conclusions as to which no response is required and, therefore, the Wakefern Defendants deny the allegations of Paragraph 3.
4. Paragraph 4 contains legal conclusions as to which no response is required and, therefore, the Wakefern Defendants deny the allegations of Paragraph 4.

**As to "PARTIES"**

5. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 and, therefore, the Wakefern Defendants deny the allegations of Paragraph 5.
6. Paragraph 6 contains legal conclusions as to which no response is required, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 6.
7. Paragraph 7 contains legal conclusions as to which no response is required, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 7.

8. Paragraph 8 contains legal conclusions as to which no response is required, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 8.
9. Paragraph 9 contains legal conclusions as to which no response is required. To the extent that a response is deemed required, the Wakefern Defendants admit only that Shop-Rite Supermarkets, Inc. is a New Jersey corporation with a corporate office in Florida, New York.
10. Paragraph 10 contains legal conclusions as to which no response is required. To the extent that a response is deemed required, the Wakefern Defendants admit only that Wakefern Food Corporation is a New Jersey corporation with a corporate office in Keasbey, New Jersey.
11. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 11, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 11.
12. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 12, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 12.
13. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 13, and is directed to parties other than the Wakefern Defendants, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 13.
14. The Wakefern Defendants deny the allegations of Paragraph 14.
15. The Wakefern Defendants deny the allegations of Paragraph 15.
16. The Wakefern Defendants deny the allegations of Paragraph 16.

**As to "FLSA COLLECTIVE ACTION ALLEGATIONS"**

17. Paragraph 17 purports to describe Plaintiff's claims, to which no response is required, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 17.
18. The Wakefern Defendants deny the allegations of Paragraph 18.
19. The Wakefern Defendants deny the allegations of Paragraph 19.

**As to "RULE 23 ALLEGATIONS-NEW YORK"**

20. Paragraph 20 purports to describe Plaintiff's claims, to which no response is required, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 20.
21. The Wakefern Defendants deny the allegations of Paragraph 21.
22. The Wakefern Defendants deny the allegations of Paragraph 22.
23. The Wakefern Defendants deny the allegations of Paragraph 23.
24. The Wakefern Defendants deny the allegations of Paragraph 24.
25. The Wakefern Defendants deny the allegations of Paragraph 25.
26. The Wakefern Defendants deny the allegations of Paragraph 26.
27. The Wakefern Defendants deny the allegations of Paragraph 27.
28. The Wakefern Defendants deny the allegations of Paragraph 28.

**As to "STATEMENT OF FACTS"**

29. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 29, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 29.
30. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 30, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 30.

31. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 31, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 31, except to admit that Plaintiff references certain documents, which speak for themselves.

32. The Wakefern Defendants deny the allegations of Paragraph 32.

33. The Wakefern Defendants deny the allegations of Paragraph 33.

34. The Wakefern Defendants deny the allegations of Paragraph 34.

35. The Wakefern Defendants deny the allegations of Paragraph 35.

36. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 36, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 36.

**As to "COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT"**

37. The Wakefern Defendants repeat their responses to the previous allegations as if set forth at length herein.

38. Paragraph 38 contains legal conclusions as to which no response is required, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 38.

39. Paragraph 39 contains legal conclusions as to which no response is required, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 39

40. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 40, and, therefore, the Wakefern Defendants deny the allegations of Paragraph 40.

41. The Wakefern Defendants deny the allegations of Paragraph 41.

42. The Wakefern Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 42, and, therefore, the Wakefern Defendants deny the

allegations of Paragraph 42, except to admit that Plaintiff references certain documents, which speak for themselves.

43. The Wakefern Defendants deny the allegations of Paragraph 43.

44. The Wakefern Defendants deny the allegations of Paragraph 44.

45. The Wakefern Defendants deny the allegations of Paragraph 45.

46. The Wakefern Defendants deny the allegations of Paragraph 46.

47. The Wakefern Defendants deny the allegations of Paragraph 47.

**As to "COUNT II – VIOLATION OF THE NEW YORK LABOR LAW"**

48. The Wakefern Defendants repeat their responses to the previous allegations as if set forth at length herein.

49. The Wakefern Defendants deny the allegations of Paragraph 49.

50. The Wakefern Defendants deny the allegations of Paragraph 50.

51. The Wakefern Defendants deny the allegations of Paragraph 51.

52. The Wakefern Defendants deny the allegations of Paragraph 52.

53. The Wakefern Defendants deny the allegations of Paragraph 53.

**As to "PRAYER FOR RELIEF"**

The Wakefern Defendants deny that Plaintiff is entitled to any relief sought, including the "WHEREFORE" paragraph of the Complaint.

**GENERAL DENIAL**

The Wakefern Defendants deny each and every allegation in the Complaint not specifically admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, the Wakefern Defendants assert the additional defenses stated below and expressly reserve and do not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**FIRST DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted against the Wakefern Defendants.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent the Wakefern Defendants are not the real party in interest.

**THIRD DEFENSE**

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

**FOURTH DEFENSE**

Plaintiff's claims are barred against the Wakefern Defendants to the extent they were not Plaintiff's "employer" or the "employer" of those he purports to represent.

**FIFTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred, in whole, or in part, by the doctrines of unclean hands, laches, waiver, or estoppel.

**SIXTH DEFENSE**

All actions by the Wakefern Defendants toward Plaintiff were lawful and were made in good-faith compliance with applicable provisions of applicable law.

**SEVENTH DEFENSE**

To the extent that Plaintiff or those he purports to represent have suffered any damages or injuries, which the Wakefern Defendants deny, such damages or injuries were not caused by the Wakefern Defendants' actions or conduct.

**EIGHTH DEFENSE**

Any liability attributable to the Wakefern Defendants, which is expressly denied, is based on conduct that is passive and secondary to the active and primary conduct of other parties in this action. The Wakefern Defendants are therefore entitled to total, equitable indemnity from such other parties.

**NINTH DEFENSE**

Entities or persons other than the Wakefern Defendants caused or contributed to the damages alleged by Plaintiff, and any award made in favor of Plaintiff or those he purports to represent in this case, which is expressly denied, must be proportionately reduced by the percentage of fault of others in causing or contributing to Plaintiff's alleged damages.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, as to hours allegedly worked to which the Wakefern Defendants lacked actual or constructive knowledge and did not permit or suffer them to work.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged violations of the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL"), if any, were *de minimis*.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Wakefern Defendants did not willfully and with intent deprive Plaintiff or those he purports to represent of any wages or pay to which Plaintiff or others were entitled under the FLSA or NYLL.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation in this action for work other than compensable working time.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and those he purports to represent are not entitled to relief because any alleged acts or omissions by the Wakefern Defendants were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, the New York Department of Labor, and/or other administrative and judicial orders and interpretations.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks overtime compensation for hours worked at or below 40 hours per week.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and those he purports to represent received all wages, salary or income to which they were entitled.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred to the extent they are not simple, concise or direct as required by Federal Rule of Civil Procedure 8(d).

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred to the extent he lacks standing to represent putative class members.

**NINETEENTH DEFENSE**

Plaintiff's claims and the claims of those he seeks to represent are barred, at least in part, under the doctrines of accord and satisfaction, payment or set off, to the extent they have been fully compensated for any wages owed and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

**TWENTIETH DEFENSE**

If any damages have been sustained by Plaintiff, or by any of those Plaintiff seeks to represent, which is denied, the Wakefern Defendants are entitled under the equitable doctrine of setoff or recoupment to offset all obligations owed by Plaintiff and those Plaintiff seek to represent against any judgment that may be entered against the Wakefern Defendants.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims and the claims of those he seeks to represent are barred, at least in part, by the doctrine of judicial estoppel, to the extent they have filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

**TWENTY-SECOND DEFENSE**

Neither Plaintiff nor those he seeks to represent are "similarly situated" because Plaintiff and those he seeks to represent worked for multiple different employers, in multiple different stores, in association with multiple different managers with different day-to-day practices, at different time periods, and under different circumstances, among others, during the relevant time period.

**TWENTY-THIRD DEFENSE**

Assuming, *arguendo,* Plaintiff and those he seeks to represent are subject to the FLSA or NYLL, which is denied, some or all of the time worked by Plaintiff or those he seeks to represent is not compensable under the provisions of the FLSA and NYLL, nor is Plaintiff or those he seeks to represent entitled to pre-judgment interest on these claims.

**TWENTY-FOURTH DEFENSE**

Plaintiff and those he seeks to represent may not recover liquidated damages because neither the Wakefern Defendants, nor any of their officers, directors, managers, or agents, committed any willful violation of the overtime provisions of the FLSA or NYLL, nor did they ratify any such violation, nor did they know or intend that alleged acts or omissions would violate the FLSA or NYLL, and they instead acted in good faith and had reasonable grounds for believing that the alleged acts or omissions were not a violation of the FLSA and NYLL.

**TWENTY-FIFTH DEFENSE**

Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims on behalf of those individuals he seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

**TWENTY-SEVENTH DEFENSE**

The alleged claims of Plaintiff are neither common nor typical of those, if any, pertaining to the class Plaintiff seeks to represent, the existence of which is expressly denied.

**TWENTY-EIGHTH DEFENSE**

Plaintiff and his counsel are not adequate representatives of those they seek to represent.

**TWENTY-NINTH DEFENSE**

Some or all of the purported claims in the Complaint are barred because Plaintiff cannot show that collective or class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Further, Rule 23 treatment of Plaintiffs' claims under the NYLL must be denied because Rule 23 treatment is not superior to other available methods for the fair and effective adjudication of this controversy (namely, allowing opt-in plaintiffs to prosecute their independent state law claims as part of the collective action under the FLSA).

**THIRTIETH DEFENSE**

Plaintiff's claims cannot be properly joined with the claims of any he seeks to represent because their claims are individualized and fact-specific and do not arise out of a common set of facts as those claims he purports to assert on behalf of others that he seeks to represent.

**THIRTY-FIRST DEFENSE**

Some or all of the purported claims in Plaintiff's Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

**THIRTY-SECOND DEFENSE**

Some or all of the purported corporate entities and "d/b/a" entities in the caption and introductory paragraph of Plaintiff's Complaint are incorrect and/or improper, and the Wakefern Defendants deny all allegations as to purported entities not properly identified.

**THIRTY-THIRD DEFENSE**

Some or all of the purported individuals listed in the introductory paragraph of Plaintiff's Complaint are incorrect and/or improper, and the Wakefern Defendants deny all allegations as to such purported individuals not properly identified.

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, the Wakefern Defendants reserve the right to amend or assert additional defenses, which may become known during the course of discovery or revealed during pretrial proceedings, during the course of this action, and/or trial.

WHEREFORE, the Wakefern Defendants request that the Court enter judgment dismissing the Complaint with prejudice; granting to the Wakefern Defendants their costs and attorneys' fees; and granting to the Wakefern Defendants such other relief as the Court may deem just and proper.

Dated: New York, New York
December 31, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By /s Mark Diana
Mark Diana (*pro hac vice*)
10 Madison Avenue, Suite 400
Morristown, NJ 07960
973-630-2302
mark.diana@ogletree.com

Aaron Warshaw
599 Lexington Avenue, 17th Floor
New York, New York 10022
212-492-2500
aaron.warshaw@ogletree.com

*Attorneys for Defendants*
*Wakefern Food Corporation and Shop-Rite Supermarkets, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on December 31, 2021, Defendants Wakefern Food Corp. and ShopRite Supermarkets, Inc.'s Answer and Defenses to Plaintiff's Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the Plaintiff and all other attorneys of record.

/s Aaron Warshaw
Aaron Warshaw

49776617.1