Christopher S. Porrino, Esq.
Gavin J. Rooney, Esq.
Naomi D. Barrowclough, Esq.
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: 212.262.6700
Fax: 212.262.7402

*Attorneys for Defendants*
*Village Super Market, Inc.,*
*Village Super Market of NY LLC,*
*Village Super Market of NJ LP,*
*VSM Gourmet LLC, and VSM NY*
*Holdings LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOE RODRIGUEZ-MENDEZ, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff,<br>v.<br><br>VILLAGE SUPER MARKET, INC.<br>d/b/a SHOPRITE,<br>d/b/a SHOPRITE OF GALLOWAY,<br>d/b/a VILLAGE SHOPRITE 473,<br>d/b/a SHOPRITE 247,<br>d/b/a STIRLING SHOPRITE 443,<br>VILLAGE SUPER MARKET OF NY LLC<br>d/b/a SHOPRITE OF BRUCKNER BLVD,<br>VILLAGE SUPER MARKET OF NJ LP,<br>d/b/a SHOPRITE,<br>SHOPRITE SUPERMARKETS, INC.<br>d/b/a SHOPRITE, | Case No.: 1:21-cv-08671<br><br>**DEFENDANTS VILLAGE SUPER MARKET, INC., VILLAGE SUPER MARKET OF NY LLC, VILLAGE SUPER MARKET OF NJ LP, VSM GOURMET LLC, AND VSM NY HOLDINGS LLC's ANSWER AND AFFIRMATIVE DEFENSES TO THE CLASS AND COLLECTIVE ACTION COMPLAINT** |

d/b/a SHOPRITE 26,
d/b/a SHOPRITE 225,
d/b/a SHOPRITE OF ENGLISH CREEK,
d/b/a SHOPRITE 191,
d/b/a SHOPRITE OF HILLSBOROUGH,
d/b/a SHOPRITE 296,
d/b/a SHOPRITE OF MILLBURN,
d/b/a SHOPRITE OF OLD BRIDGE 200,
d/b/a SHOPRITE 435,
WAKEFERN FOOD CORP.
d/b/a SHOPRITE UNION,
d/b/a SHOPRITE #643,
d/b/a SHOPRITE SPRINGFIELD 294,
WILLIS STEIN & PARTNERS MANAGEMENT III, LLC
d/b/a SHOPRITE,
VSM GOURMET LLC
d/b/a GOURMET GARAGE, and
VSM NY HOLDINGS LLC
d/b/a FAIRWAY MARKET OF 74TH STREET,
d/b/a FAIRWAY MARKET OF 86TH STEET,
d/b/a FAIRWAY MARKET OF CHELSEA,
d/b/a FAIRWAY MARKET OF KIPS BAY,
d/b/a FAIRWAY MARKET OF PELHAM,

Defendants.

Defendants Village Super Market, Inc., Village Super Market of NY LLC, Village Super Market of NJ LP, VSM Gourmet LLC, and VSM NY

Holdings LLC (collectively, the "Answering Defendants"), by their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Class and Collective Action Complaint (the "Complaint") filed by Plaintiff Yoe Rodriguez-Mendez ("Plaintiff"), dated October 22, 2021. The Answering Defendants deny all allegations in the Complaint, including those in any headings, except as expressly admitted herein. In response to the numbered paragraphs of the Complaint, the Answering Defendants state as follows:

## INTRODUCTION

1. The Answering Defendants deny each and every allegation in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action under the statute described in paragraph 1 of the Complaint.

2. The Answering Defendants deny each and every allegation in paragraph 2 of the Complaint, except admit that Plaintiff purports to bring this action under the law described in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants admit that Plaintiff purports to invoke the Court's jurisdiction under the statutes described in paragraph 3 of the Complaint.

4. This paragraph primarily contains legal conclusions to which no response is required. To the extent any response is required, the Answering Defendants admit that Plaintiff purports to invoke venue in this district.

**PARTIES**

5. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of where Plaintiff resides or has resided.

6. The Answering Defendants deny each and every allegation in paragraph 6 of the Complaint, except admit that Village Super Market, Inc. is a New Jersey Corporation with a principal place of business located at 733 Mountain Avenue, Springfield, NJ 07801.

7. Admitted.

8. Admitted.

9. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Admitted.

13. Admitted.

14. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 14, except admit that the websites and social media accounts referenced speak for themselves.

15. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 15, except admit that certain defendants are employers within the meaning of the Fair Labor Standards Act ("FLSA").

16. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 16.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. The Answering Defendants deny each and every allegation in paragraph 17 of the Complaint, except admit that Plaintiff purports to bring claims for relief as described therein.

18. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 18 of the Complaint.

19. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 19 of the Complaint.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

20. The Answering Defendants deny each and every allegation in paragraph 20 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23.

21. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 21 of the Complaint.

22. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 22 of the Complaint.

23. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 23 of the Complaint.

24. The Answering Defendants deny each and every allegation in paragraph 24 of the Complaint.

25. The Answering Defendants deny each and every allegation in paragraph 25 of the Complaint, except deny knowledge or information sufficient to

form a belief as to the truth of the allegations regarding Plaintiff's retention of or qualifications of class counsel.

26. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 26 of the Complaint.

27. The Answering Defendants deny each and every allegation in paragraph 27 of the Complaint.

28. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 28 of the Complaint.

## STATEMENT OF FACTS

29. The Answering Defendants deny each and every allegation in paragraph 29 of the Complaint, except admit that Plaintiff RODRIGUEZ-MENDEZ was employed by Village Super Market of NY LLC from approximately September 25, 2019 to June 1, 2021.

30. The Answering Defendants deny each and every allegation in paragraph 30 of the Complaint, except admit that Plaintiff RODRIGUEZ-MENDEZ occasionally worked overtime while employed by Village Super Market of NY LLC. The Answering Defendants further refer to their internal payroll records, which speak for themselves.

31. The Answering Defendants refer to their internal payroll records, which speak for themselves, and deny any allegations in paragraph 31 inconsistent with those records. To the extent that a further response is required, the Answering Defendants deny the allegations of paragraph 31.

32. The Answering Defendants refer to their internal payroll records, which speak for themselves, and deny any allegations in paragraph 32 inconsistent with those records. To the extent that a further response is required, the Answering Defendants deny the allegations of paragraph 32.

33. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 33 of the Complaint.

34. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 34 of the Complaint.

35. This paragraph primarily contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny each and every allegation in paragraph 35 of the Complaint.

36. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's retention of counsel.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. In response to paragraph 37 of the Complaint, the Answering Defendants repeat and incorporate each of their above responses as if fully set forth herein.

38. The Answering Defendants deny each and every allegation set forth in paragraph 38 of the Complaint, except admit that certain of the Answering Defendants are employers within the meaning of the FLSA.

39. The Answering Defendants deny each and every allegation in paragraph 39 of the Complaint, except admit that Plaintiff is a former employee of Village Super Market of NY LLC.

40. Admitted as to certain Answering Defendants.

41. The Answering Defendants deny each and every allegation in paragraph 41 of the Complaint.

42. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. The Answering Defendants deny each and every allegation in paragraph 43 of the Complaint.

44. The Answering Defendants deny each and every allegation in paragraph 44 of the Complaint.

45. The Answering Defendants deny each and every allegation in paragraph 45 of the Complaint.

46. The Answering Defendants deny each and every allegation in paragraph 46 of the Complaint.

47. The Answering Defendants deny each and every allegation in paragraph 47 of the Complaint.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. In response to paragraph 48 of the Complaint, the Answering Defendants repeat and incorporate each of their above responses as if fully set forth herein.

49. The Answering Defendants deny each and every allegation in paragraph 49 of the Complaint, except admit that an Answering Defendant employed the plaintiff.

50. The Answering Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. The Answering Defendants deny each and every allegation in paragraph 51 of the Complaint.

52. The Answering Defendants deny each and every allegation in paragraph 52 of the Complaint.

53. The Answering Defendants deny each and every allegation in paragraph 53 of the Complaint.

**PRAYER FOR RELIEF**

The Answering Defendants deny the allegations set forth in the WHEREFORE clause, inclusive of subsections (a)-(k), and deny that the Plaintiff and/or any purported members of the putative collective action and/or class action are entitled to any of the relief sought in their prayer for relief.

**JURY DEMAND**

In response to the paragraph labeled "JURY DEMAND," the Answering Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to, any determination of equitable remedies, liquidated damages, or attorneys' fees or costs.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought may be awarded.

**SECOND AFFIRMATIVE DEFENSE**

The claims of all purported members of the collective action and/or class action are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of all purported members of the collective action and/or class action may be barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

The Answering Defendants have tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws, including but not limited to any overtime pay which may be due under the Fair Labor Standards Act of 1938, as amended ("FLSA"), the New York Labor Law ("NYLL"), and the rules and/or regulations promulgated in connection with, or pursuant thereto.

**FIFTH AFFIRMATIVE DEFENSE**

The Answering Defendants' actions regarding payroll practices and compliance with the FLSA and the NYLL were in good faith and the Answering Defendants had reasonable grounds for believing their actions were in compliance with the FLSA and the NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of the Answering Defendants were justified under the circumstances and at all times material hereto the Answering Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

At no time material hereto did any of the Answering Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or New York State or City law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiff and the putative collective class she seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries, and/or proof of damage would require separate trials.

**TENTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction with respect to claims brought by any purported members of the class or collective action who did not live or work in New York.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or any putative collective or class action members are not entitled to liquidated damages under the FLSA and/or the NYLL, and the FLSA's two-year statute of limitations should apply.

## TWELFTH AFFIRMATIVE DEFENSE

If the Answering Defendants are found to have failed to pay Plaintiff or any putative member of the collective action and/or class action any amount due, which the Answering Defendants deny, such amount must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff or any putative member of the collective action and/or class action, including a reduction for any compensation already paid for periods not compensable under the FLSA, as well as any amounts owing to or damages suffered by the Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event that the Court certifies a class in this matter, the Answering Defendants incorporate by reference and reallege all of the Answering Defendants' defenses to Plaintiff's individual claims in response to the claims of each class member. The Answering Defendants further note that additional affirmative defenses may apply to any opt-in plaintiffs or class members, which defenses are reserved and will be asserted at an appropriate time following any order certifying a class (conditionally or otherwise).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative collective action and/or class action members are barred to the extent the time periods for which

they are claiming entitlement to compensation fall within the *de minimis* exception to the applicable laws.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of the putative collective action and/or class action members she purports to represent, may be barred in whole or in part by the doctrines of accord and satisfaction, and payment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The monetary claims of Plaintiff, and those of the putative collective action and/or class action members she purports to represent, may be barred in whole or in part because they have not appropriately or not adequately mitigated their alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims of the putative collective action and/or class action members the Plaintiff purports to represent are barred to the extent those individuals are not "employees" within the meaning of the FLSA or the NYLL.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and all purported members of the collective action and/or class action have received full compensation for all work performed, their claims are barred by, among other things, the doctrines of release and payment.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and all purported members of the collective action and/or class action are not entitled to recover liquidated, multiple, or punitive damages, and any allegations in support of a claim for liquidated, multiple, or punitive damages should be stricken because any award of liquidated, multiple, or punitive damages in this action would violate the Answering Defendants' constitutional rights under the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and excessive fines and cruel and unusual punishment of the Eighth Amendment of the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

The claims of the putative collective action and/or class action members the Plaintiff purports to represent are barred to the extent they seek recovery for claims arising from or relating to periods of time in which one of the Answering Defendants was not their "employer" as that term is defined by the FLSA or the NYLL.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff or any member of the putative collective action and/or class action for, periods of time during which they performed no work, including vacation and/or sick/medical leave, or for periods of

time during which they were otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff and the putative collective action and/or class action members he purports to represent cannot establish a *prima facie* violation of the FLSA or NYLL.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent, if any, that Plaintiff or any member of the putative collective action and/or class action has failed to satisfy any condition precedent which is necessary to maintain their claims, or failed to exhaust administrative remedies, such claims are barred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative collective action and/or class action members may be barred to the extent they are or were exempt from overtime pursuant to the exemptions set forth in Section 13(a)(1) of the FLSA and/or Section 651 of the NYLL.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Although the Answering Defendants deny that they owe any overtime pay or other amounts to Plaintiff, if it is determined that such overtime pay or other amounts are owed, Plaintiff cannot establish that any alleged violation of the FLSA

or the NYLL was willful and thus cannot establish entitlement to a three-year statute of limitations with respect to his claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, by the exclusive remedy provided under the New York Workers' Compensation Law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which prejudgment interest may be awarded.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Any liability attributable to the Answering Defendants, which is expressly denied, is based on conduct that is passive and secondary to the active and primary conduct of other parties in this action. The Answering Defendants are therefore entitled to total, equitable indemnity from such other parties.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Entities or persons other than the Answering Defendants caused or contributed to the damages alleged by Plaintiff, and any award made in favor of Plaintiff or those he purports to represent in this case, which is expressly denied, must be proportionately reduced by the percentage of fault of others in causing or contributing to Plaintiff's alleged damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he lacks standing to represent putative class members.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Neither Plaintiff nor those he seeks to represent are "similarly situated" because Plaintiff and those he seeks to represent worked for multiple different employers, in multiple different stores, in association with multiple different managers with different day-to-day practices, at different time periods, and under different circumstances, among others, during the relevant time period.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims on behalf of those individuals he seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Any injury or damage Plaintiff may have suffered is due, in whole or in part, to Plaintiff's own actions or inaction.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

In whole or in part, the Complaint fails to state a claim upon which compensatory damages, punitive damages, or exemplary damages, may be awarded against the Answering Defendants.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which this Court can award attorneys' fees or costs to Plaintiffs.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The Court should not exercise supplemental jurisdiction over the Causes of Action in the Complaint that purport to arise under the New York Labor Law.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Although the Answering Defendants deny that they owe any overtime pay or other amounts to Plaintiff, if it is determined that such overtime pay or other amounts are owed, then the Answering Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such overtime pay or other amounts were owed.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for liquidated damages are barred, in whole or in part, because any and all actions taken by the Answering Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal or New York law.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the de minimus doctrine recognized under the FLSA and the NYLL.

**FORTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff was entitled to overtime pay under the FLSA or the NYLL, and the regulations promulgated thereunder, Plaintiff's claims for overtime pay are barred in whole or in part due to Plaintiff's failure to accurately record the number of hours they worked.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff was entitled to overtime pay under the FLSA or the NYLL, and the regulations promulgated thereunder, Plaintiff's claims for overtime pay are barred in whole or in part due to Plaintiff improperly recording hours that he did not actually work, and Defendants are entitled to a set-off for any such improperly recorded hours.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff was entitled to overtime pay under the FLSA or the NYLL, and the regulations promulgated thereunder, Plaintiff's claims for overtime pay are barred in whole or in part because the Answering Defendants did not suffer or permit the overtime work.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of condonation.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was entitled to overtime pay under the FLSA or the NYLL, and the regulations promulgated thereunder, Plaintiff's claims for overtime pay are barred in whole or in part because the Answering Defendants did not know or have reason to know that Plaintiff was working the overtime hours.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Answering Defendants give notice that they are not knowingly waiving any affirmative defense and intend to rely upon such other and further affirmative defenses as may become available or apparent during pretrial proceedings of this action and hereby expressly reserve the right to amend this Answer and include all such defenses.

**WHEREFORE,** the Answering Defendants respectfully request that this Court: (a) dismiss the Complaint in its entirety, and Plaintiff's claims therein, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) deny collective action status and class action status to Plaintiff; (d) enter judgment against Plaintiff and in favor of the Answering Defendants; (e) award the Answering Defendants their reasonable attorneys' fees and expenses in the amount and manner permitted by applicable law; (f) award the Answering Defendants their costs and disbursements incurred in defense of this action; and (g)

award the Answering Defendants such other and further relief as the Court deems just and proper.

Dated: December 31, 2021

**LOWENSTEIN SANDLER LLP**

By: s/ Gavin J. Rooney
Christopher S. Porrino, Esq.
Gavin J. Rooney, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel: 212.262.6700
Fax: 212.262.7402
*Attorneys for Defendants Village Super Market, Inc., Village Super Market of NY LLC, Village Super Market of NJ LP, VSM Gourmet LLC, and VSM NY Holdings LLC*